UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAUNA WYTIKA GRAVES,

    Plaintiff,

v.                                        Case No:   6:13-cv-522-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.

I have reviewed the record, including the administrative law judge's ("ALJ") decision, a transcript of the proceedings, the exhibits, administrative record, and the pleadings and memoranda submitted by the parties. For the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **reversed** and **remanded** for further proceedings consistent with the findings in this report, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

Plaintiff filed for DIB and SSI benefits on December 11, 2009.  (Tr. 14, 165).  She alleges disability beginning on May 5, 2006 due to osteoarthritis, uncontrolled diabetes, back problems, high blood pressure, depression, and arthritis.  (Tr. 165, 204).  She was

42 years old on the date of the ALJ decision. (Tr. 25, 35). She has a high school education and reported past work as a file clerk, assembler, and data entry clerk. (Tr. 54). Her application was denied initially and on reconsideration. (Tr. 78-97). On October 25, 2011, at Plaintiff's request, a hearing was held before the ALJ who issued a decision on November 2, 2011. (Tr. 31-59). On March 11, 2013, the Appeals Council denied her timely request for review. (Tr. 1). She has exhausted her administrative remedies and this case is now ripe for consideration under 42 U.S.C. § 405(g).

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since May 5, 2006, her alleged onset date. (Tr. 16). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus II (insulin dependent), disorders of the knees, morbid obesity, affective disorder, and arthritis. (Id.). At step three, the ALJ found that she did not have an impairment or

impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925, and 416.926).  (Tr. 16-18).  The ALJ also determined Plaintiff's residual functional capacity.  (Tr. 18-23).  At step four, the ALJ decided that Plaintiff was not capable of performing her past relevant work.  (Tr. 23).  The ALJ ultimately determined that there were jobs in the national economy, like ticket seller, warehouse checker, and food and beverage order clerk that Plaintiff could perform.  (Tr. 24-25).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla but less than a preponderance.  It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"  Id.  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Weighing the opinions and findings of treating physicians is an integral part of steps four and five of the sequential evaluation process.   In Winschel, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight.   Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory[1] or inconsistent with the doctor's own medical records."   Phillips, 357 F.3d at 1240-41 (citations omitted); see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir.1991).

---

[1] Where a treating physician has simply made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).

When a treating physician's opinion does not warrant controlling weight, the ALJ must still consider the following factors in deciding how much weight to give the opinion: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; (6) other factors which tend to support or contradict the opinion." Logreco v. Astrue, No. 5:07-cv-80-Oc-10GRJ, 2008 WL 783593, at *10 (M.D. Fla. Mar. 20, 2008). "[T]he Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted).

Plaintiff argues, inter alia, that the ALJ failed to apply the correct legal standard to the evaluation of Dr. Marcelo Anayas's medical opinion. (Tr. 10-13). Dr. Anayas is a treating physician who treated Plaintiff on at least three occasions: October 28, 2008, March 30, 2009, and September 4, 2009. (Tr. 184, 443-44). In his treatment notes, Dr. Anayas rendered opinions concerning Plaintiff's medical condition. The ALJ failed to mention Dr. Anayas's opinions, let alone articulate the weight the ALJ gave them. (Doc. 19 at 10). The Commissioner concedes that the ALJ never discussed Dr. Anayas's medical opinions. (Doc. 22 at 11-12). The Commissioner says, "[a]dmittedly, an ALJ must state with particularity the weight given to different medical opinions and the reasons for that weight. However, the Commissioner submits that the ALJ's error is harmless, as the statements of disability were not entitled to any significant weight" because they were statements of disability, which is an issue reserved for the Commissioner. (Id. at 12).

The Commissioner's argument is not an accurate characterization of Dr. Anayas's opinions. In his treatment notes, Dr. Anayas rendered opinions on (1) Plaintiff's diagnosis: uncontrolled diabetes and severe osteoarthritis in the right knee, (2) the nature and severity of Plaintiff's impairments: severe, unable to work sitting down or standing up (3) prognosis: permanent condition, and (4) Plaintiff's physical restrictions: no heavy lifting, and no prolonged sitting, standing, or bending. (Tr. 184, 326, 443-44). These findings and opinions constitute a "medical opinion" that triggers the ALJ's duty to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); see also Sharfarz, 825 F.2d at 279. The ALJ failed to satisfy this duty.

I also respectfully recommend that the Court reject the Commissioner's post hoc argument that Dr. Anayas's statements were not "entitled to any significant weight." (Doc. 22 at 12). The Court is not interested in what argument the Commissioner makes at this stage in the proceedings, rather, it is concerned with the reasoning the ALJ offered (or failed to offer) when the ALJ made her decision. See Lawton v. Comm'r Soc. Sec., 431 F. App'x 830, 834 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); Mulholland v. Astrue, Case No. 1:06-cv-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008) (the Court rejected the Commissioner's argument noting that the "court cannot consider post hoc reasons for affirming an ALJ's decision, and instead must confine its review to the validity of the grounds upon which the ALJ based its decision."); Shinn ex rel. Shinn v Comm'r Soc. Sec., 391 F.3d 1276 (11th Cir. 2004). Because Dr. Anayas's statements constituted a medical opinion from a treating physician,

the ALJ was required to afford it substantial weight unless good cause existed to discredit the opinion.  See Lamb, 847 F.2d at 703, Phillips, 357 F.3d at 1240-41.

For these reasons, I respectfully recommend that the district court reverse the ALJ's decision and remand the case.  Plaintiff's remaining arguments focus on the ALJ's alleged error in (a) failing to properly analyze other treating physician testimony, (b) failing to make a finding on the side effects of Plaintiff's medications, and (c) violating Winschel's mandate on "concentration, persistence, and pace."  (Doc. 22).  Because remand is required on the first issue raised by Plaintiff, it is unnecessary to review these additional objections to the ALJ's decision.  Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision in this case be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on June 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record